UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHER AVIATION INC., <br><br> Plaintiff, <br><br> v. <br><br> WISK AERO LLC, <br><br> Defendant. | Case No. 25-mc-80186-WHO <br><br> **ORDER GRANTING EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782** <br><br> Re: Dkt. No. 1 |

Archer Aviation, Inc. ("Archer") filed an Ex Parte Application for Discovery pursuant to 28 U.S.C. § 1782 seeking to authorize using discovery secured in a related case litigated in this District in a foreign proceeding. ("App.") [Dkt. No. 1]. For the following reasons, the Ex Parte Application is GRANTED.

## BACKGROUND

Archer was a defendant and counterclaimant in case brought by Wisk Aero LLC. ("Wisk") in this Court. *See* Case No. 21-cv-02450-WHO, *Wisk Aero LLC v. Archer Aviation Inc.* ("*Wisk*"). The parties in that case entered into a negotiated Protective Order that was subsequently modified when the parties settled this case to allow the parties to "retain a limited number of documents and deposition transcripts ('Retained Materials') solely for purposes of prosecuting or defending against the proceeding in the United States Patent Trial and Appeal Board." Wisk, Dkt. Nos. 643 ("Modified Protective Order"), 161 ("Protective Order").

Archer and Wisk are engaged in a patent inventor dispute in Australia. Dkt. No. 1; Declaration of Jacob A. Schroeder [Dkt. No. 1-3] ¶ 7. Archer seeks permission to use the "Retained Materials" as defined under the Modified Protective Order in aid of the proceedings in Australia before the Australian patent office ("AUPO").

**LEGAL STANDARD**

Under 28 U.S.C. § 1782, federal district courts may order the production of documents or testimony "for use in a proceeding in a foreign or international tribunal" so long as the disclosure does not "violat[e] . . . any legally applicable privilege." *See also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004). Section 1782 "permit[s] district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a) and citing *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) and *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007)).

Even if those mandatory statutory requirements are met, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264 (citation omitted). Rather, courts have discretion to determine whether discovery should be permitted, guided by four factors: (1) whether "the person from whom discovery is sought is a participant in a foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether a discovery request is "unduly intrusive or burdensome" in which case it "may be rejected or trimmed." *Id.* at 264-65.

"Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis since 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *In re Hopkins*, 2020 WL 733182, at *2 (N.D. Cal. Feb. 13, 2020) (quoting *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party

2

1  may still raise objections and exercise its due process rights by challenging the discovery after it is
2  issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the
3  application *ex parte*." *Id.* (quoting *In re Ex Parte Application Varian Med. Sys. Int'l AG,*
4  *Applicant*, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016)).

## DISCUSSION

### I. MANDATORY REQUIREMENTS

The requirements that must be met for a district court to authorize discovery are: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov*, 931 F.3d at 925 (citations omitted). Each is met here.

First, Wisk's principal place of business is in this District. Declaration of Jacob A. Schroeder, Ex. 1 at ¶ 11. "In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has its principal place of business." *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (citations omitted).

Second, Archer has demonstrated its intent to use the Retained Materials in the AUPO proceedings and has shown the materials are relevant there for the same reasons they are relevant to the ongoing USPTO proceedings. "Courts in the Ninth Circuit have observed that the 'for use' requirement 'focuses on the practical ability of an applicant to place a beneficial document . . . before a foreign tribunal,' which requires "show[ing] that the material requested is tethered to a specific foreign proceeding and is relevant." *Qualcomm Inc.*, 2018 WL 6660068, at *2 (N.D. Cal. Dec. 19, 2018) (quoting *In re Pioneer Corp. for an Order Permitting Issuance of Subpoenas to Take Discovery in a Foreign Proceeding*, 2018 WL 2146412, at *6 (C.D. Cal. May 9, 2018)) and citing *In re Ex Parte Application of Ambercroft Trading Ltd.*, 2018 WL 2867744, at *3 (N.D. Cal. June 11, 2018)).

Finally, Archer has shown it is an "interested" party who has filed a "Notice of Opposition" to Wisk's Australian patent application (the "AU Opposition"). Schroeder Decl., Exs.

3

7-8. "[L]itigants are . . . the most common example of[] the 'interested person[s]' who may invoke § 1782." *Intel* Corp., 542 U.S. at 256 (citation omitted).

The mandatory elements are satisfied.

## II. DISCRETIONARY FACTORS

Other factors that I consider when exercising my discretion to authorize discovery are: (1) whether "the person from whom discovery is sought is a participant in a foreign proceeding" because the evidence "available in the United States" from nonparticipants "may be unobtainable absent § 1782(a) aid"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether a discovery request is "unduly intrusive or burdensome" in which case it "may be rejected or trimmed." *Intel*, 542 U.S. at 264-65.

It is clear that Wisk is a participant in the AUPO proceedings; however, the evidence Archer seeks may be unobtainable through the AUPO proceedings for two reasons. First, according to the Declaration of Dr. Victoria Argyle [Dkt. No. 1-13], the "concept of exploratory discovery does not exist, and is not permitted, before the Australian Patent Office. Consequently, there is no procedure in the Australian Patent Office for issuing broad documentary discovery." *Id*. at ¶ 8. Second, the Retained Documents are protected by the Modified Protective Order in this case. According to Argyle, under the AUPO's rules a respondent may refuse to provide the limited discovery otherwise allowed based on a number of objections, including that the materials sought are protected by another court order. *Id*. ¶¶ 9, 10 (a "party may refuse to comply with a Notice to Produce if the party has a "reasonable excuse" for doing so, including where confidentiality undertaking given to a court prevents disclosure of the documents.").

The "key test under this prong is whether the 'evidence, available in the United States, may be unobtainable absent' an order by this Court under Section 1782." *In re Illumina Cambridge Ltd*., 2019 WL 5811467, at *4 (N.D. Cal. Nov. 7, 2019) (citation omitted, authorizing § 1782 discovery where "it is unlikely that the foreign courts could compel discovery from the

4

1  subsidiaries and affiliates of a party given that German, Swiss, Turkish and Danish litigation
2  systems do not have effective right to pretrial discovery that is comparable to that in the United
3  States"). While limited discovery is securable through the AUPO, given the narrow scope of
4  permissible discovery and possible objections by Wisk based on the Modified Protective Order
5  limiting the use of the Retained Materials, the discovery Archer seeks may not be readily
6  accessible through the foreign proceeding.

7  The second discretionary factors also weighs in favor of Archer. "Where there is no
8  evidence suggesting that foreign courts would be unreceptive to the requested discovery, the
9  second discretionary factor weighs in favor of the application." *In re Application of Credit Suisse*
10 *Virtuoso SICAV-SIF in Respect of the Sub-Fund Credit Suisse (Lux) Supply Chain Fin. Fund*,
11 2022 WL 1786050, at *10 (N.D. Cal. June 1, 2022) (citing *In re Med. Corp. H&S*, 2019 WL
12 2299953, at *3 (N.D. Cal. May 30, 2019)). This factor supports authorizing discovery where the
13 applicant "offers at least some evidence and caselaw to support its view that [the foreign] courts
14 are generally receptive to evidence obtained in the United States under § 1782." *Id.* at *11. Here,
15 Argyle submits that the AUPO is "generally receptive" to evidence obtained through § 1782
16 proceedings, provided that the evidence is "timely filed." Argyle Decl. at ¶¶ 11-12.

17 For similar reasons, the third factor is met. "Courts have found that this factor weighs in
18 favor of discovery where there is 'nothing to suggest that [the applicant] is attempting to
19 circumvent foreign proof-gathering restrictions.'" *In re Hopkins*, 2020 WL 733182, at *4 (quoting
20 *In re Google, Inc.*, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)); *see* Argyle Decl. ¶ 11 ("I
21 am aware of no directives or restrictions from the Australia Patent Office ( or Australia more
22 generally) against the use of evidence obtained through§ 1782 proceedings in an AU Opposition
23 Proceeding.").

24 Finally, because Archer seeks to use the Retained Materials in the AUPO proceedings for
25 the same purpose that they are permitted to be used for in the USPTO proceedings under the
26 Modified Protective Order, Archer's narrow discovery request is sufficiently tailored, not
27 burdensome, and is not impermissibly intrusive on Wisk's operations. This factor weighs in favor
28 of authorizing discovery. *See Consumers' Ass'n v. Defendant*, 2024 WL 251411, at *4 (N.D. Cal.

5

Jan. 23, 2024) (factor weighed in favor of granting applications where documents "should be easily obtainable" because "most of the requests are for documents already produced in related or overlapping litigations").

Each of the discretionary factors weighs in favor of granted the ex parte request.

## CONCLUSION

Together, the mandatory and discretionary factors favor granting Archer's application. Accordingly, I exercise my discretion to authorize discovery as outlined in the § 1782 application. For the foregoing reasons, the Ex Parte application is GRANTED and the discovery is "authorized."

**IT IS SO ORDERED.**

Dated: July 23, 2025



William H. Orrick
United States District Judge